J-S07036-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICKY DAVID HALLIDAY, JR. | : | |
| | : | |
| Appellant | : | No. 426 MDA 2018 |

Appeal from the Judgment of Sentence February 8, 2018
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001384-2017

BEFORE:  OLSON, J., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:                    **FILED JULY 29, 2019**

This matter returns to the Superior Court following our prior memorandum, **Commonwealth v. Halliday**, 426 MDA 2018, 2019 WL 1926092 (Pa. Super. Apr. 29, 2019).  In **Halliday**, we examined Ricky David Halliday's claim that his sentence illegally requires him to register as a sexual offender under Subchapter H of the Sexual Offender Registration and Notification Act (SORNA).

As set forth in the memorandum, Halliday alleged that the trial court sentenced him to comply with SORNA obligations.  After reviewing the applicable principles, we concluded in relevant part:

> While a trial court has the obligation at sentencing to inform the person that he or she is subject to SORNA II requirements, the trial court cannot include that provision as part of sentencing because the General Assembly made clear that, by operation of law, for offenders convicted of the enumerated crimes, to register under SORNA as a civil collateral consequence of his or her crime.

---

\*   Retired Senior Judge assigned to the Superior Court.

> Because those requirements are not part of his sentence, the trial court has no authority to impose compliance with SORNA in its sentencing order. However, nothing prevents the trial court from memorializing in the sentencing order that the requisite notice was given. In this case, notwithstanding the directory nature of the reference to the sentencing, the trial court, who is presumed to know its obligations under the law, may have been merely memorializing that it was informing Halliday of his SORNA II obligations. If that were so, we would affirm the trial court sentence in all respects. If, however, the trial court intended to impose SORNA requirements as part of its sentence, we would reverse that portion of the sentence.

*Id*. at *3-4 (footnotes omitted). We retained jurisdiction and remanded for the trial court to clarify what had occurred at the sentencing proceeding.

On remand, the trial court entered an order stating: "Pursuant To Opinion and Order of the Pennsylvania Superior Court (No. 426 MDA 2018) - The hearing on 2/8/18 - the court merely informed the defendant of his registration requirements as a tier 2 registrant." Order, 6/27/19. Because the trial judge did not sentence Halliday to comply with SORNA, and only informed him of his statutory obligations, we affirm for the reasons expressed in *Halliday*.

Judgment of sentence affirmed.

Judge McLaughlin joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/29/2019